UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EVA A. RAMIREZ,

              Plaintiff,

        v.

OLYMPIC HEALTH MANAGEMENT
SYSTEMS, INC., a Washington
Corporation,

              Defendant.

NO. CV-07-3044-EFS

**PROTECTIVE ORDER**

    On October 8, 2007 the parties filed a Stipulation and [Proposed] Protective Order.  (Ct. Rec. 12.)  Based upon the parties' stipulation, the following protective order is **HEREBY ENTERED:**

    1.  Olympic Health is engaged, inter alia, in the sale of health-based insurance products.  In the course of conducting business, Olympic Health obtains confidential financial and health-related information relating to its clients and prospective clients.

    2.  Some of the documents that are relevant to this litigation also contain confidential financial and health-related information pertaining

ORDER * 1

to third parties, and proprietary information belonging to Olympic
Health.

3.    In addition, the parties anticipate that certain documents may
contain confidential information relating to non-party employees of
Olympic Health.

4.    Therefore, the parties request a protective order to apply to
certain documents, materials, and information, including without
limitation, documents produced, answers to interrogatories, responses to
requests for admission, deposition testimony, and other information
disclosed pursuant to the disclosure or discovery duties created by the
Federal Rules of Civil Procedure, that contain private, confidential
information pertaining to parties or non-parties to this action.

5.    For purposes of this requested Order, the parties agree that
"document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or
non identical copy is a separate document within the meaning of this
term.

6.    The parties agree that information designated "CONFIDENTIAL"
may include personal or private information contained in personnel files
or employment records of current or former employees of Defendant who are
not parties to this lawsuit; medical information and records; Defendant's
business records, such as and containing, and including but not limited
to, customer lists, customer names, customer address, potential
customers, potential customer names and potential customer address,
application status records, sales and commission records, non-public
pricing, merchandising, or financial information and records of
Defendant; tax and financial information and records of Plaintiff,
Defendant, and non-parties; non-public identifying information regarding

ORDER * 2

Plaintiff, Defendant, non-parties, and witnesses, including Social Security numbers, addresses and phone numbers; and/or trade secrets and proprietary information of Defendant.

7.  The parties agree that CONFIDENTIAL information shall not, without the consent of the party producing it, the consent of the individual whose information is at issue, or further Order of the Court, be disclosed except that such information may be disclosed to:

        (a)  attorneys actively working on this case;

        (b)  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

        (c)  the parties;

        (d)  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

        (e)  the Court and its employees ("Court Personnel");

        (f)  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

        (g)  deponents, witnesses, or potential witnesses to the extent such disclosure is necessary to a witness's deposition or trial testimony and preparation therefore; and

        (h)  other persons by written agreement of the parties.

8.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the

ORDER * 3

parties, Court Personnel and stenographic reporters), the parties agree that counsel shall provide such person with a copy of the Protective Order and obtain from such person a written acknowledgment stating that he or she has read the Protective Order and agrees to be bound by its provisions.

9.    The parties agree that documents will be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

10.    The parties agree that whenever an exhibit to a deposition involves the disclosure of CONFIDENTIAL information, the deposition exhibit or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of the Protective Order.    The parties further agree that such designation shall be made on the record during the deposition.

11.    All parties agree that a party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information, and that the written notice shall identify the information to which the objection is made.    If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order.    If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of the Protective Order until the Court rules on the motion.    If the designating party fails to file such a

ORDER * 4

motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with the Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12.  The parties agree that any document or information designated as CONFIDENTIAL will not be used in any manner whatsoever, other than as is necessary for the prosecution and/or defense of this litigation.  The parties agree that any use of CONFIDENTIAL information other than for purposes of this litigation is prohibited and shall be subject to sanctions by this court.

13.  At the conclusion of this case, unless other arrangements are agreed upon, the parties agree that each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, provided that party makes a request within 30 days of the conclusion of the case.  If no request is made, or if the parties agree, all confidential documents will be destroyed or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a letter confirming the destruction.

14.  The parties understand that the Court may modify such Protective Order at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDER * 5

1     **IT IS SO ORDERED.** The District Court Executive is directed to enter

2 this Order and distribute copies to counsel.

3

4     **DATED** this 10th day of October, 2007.

5

6                 S/ Edward F. Shea

                     EDWARD F. SHEA

7             United States District Judge

8 Q:\Civil\2007\3044.Stip.Prot.Order.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER * 6