UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EVA A. RAMIREZ,

                    Plaintiff,          NO. CV-07-3044-EFS

          v.
                                        **ORDER ENTERING COURT'S RULINGS**
OLYMPIC HEALTH MANAGEMENT              **FROM DECEMBER 17, 2008 HEARING**
SYSTEMS, INC., a Washington
Corporation,

                    Defendant.


     A hearing occurred in the above-captioned matter on December 17, 2008, in Richland.  Plaintiff Eva A. Ramirez was represented by Kevan T. Montoya and Tyler M. Hinckley; Robert H. Bernstein appeared on behalf of Defendant Olympic Health Management Systems, Inc.  Before the Court were several discovery motions and Plaintiff's Motion for Partial Summary Judgment.  (Ct. Rec. 92.)  After reviewing the submitted material, relevant authority, and hearing oral argument, the Court was fully informed and granted and denied in part the pending motions.  This Order serves to memorialize and supplement the Court's oral rulings.

ORDER * 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**I. Background**

Plaintiff Eva Ramirez is a Hispanic female who was hired on May 1, 2006, as an insurance sale person for Defendant and paid on commission. (Ct. Rec. 4 at 3.)  Plaintiff alleges that Barbara Bloomfield, her immediate supervisor, discriminated against her by instructing the receptionist that Plaintiff should only receive Hispanic customers calling into the Yakima office.  *Id.* at 4.  Plaintiff complained to Katrina Borth, Defendant's regional manager, and eventually quit on September 11, 2006.  *Id.* at 6.  Plaintiff seeks damages for injuries caused by the alleged discrimination under Title VII and the Washington Law Against Discrimination, RCW 49.60 *et al.*

**II. Discussion**

**A.    Meet-and-Confer Requirement**

Federal Rule of Civil Procedure 37 permits a discovering party to seek judicial intervention when an opposing party fails to cooperate in discovery.  A prerequisite to judicial intervention is a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  FED. R. CIV. P. 37(a)(1).

Here, the Court finds Rule 37's meet-and-confer requirement was satisfied.  The parties exchanged several written correspondences attempting in good faith to resolve the pending discovery disputes - each to no avail.  The parties memorialized their efforts in a formal statement complying with Local Rule 37.1(b).  (Ct. Rec. 117.)

**B.    Discovery Standard**

A district court has wide discretion in controlling discovery. *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988).  Moreover,

ORDER * 2

pre-trial discovery is ordinarily "accorded a broad and liberal treatment." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947).

A party may object to a request for production, but the grounds for objection must be stated with specificity. FED. R. CIV. P. 34(b)(2). Absent a valid objection, the production of evidence can be compelled regarding any matter "relevant to the subject matter involved in the action" or "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). This broad discovery right is based on the general principle that litigants have a right to "every man's evidence," and that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993).

In the same vein, "[d]istrict courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1072 (9th Cir. 2004) (citation omitted). Rule 26(c) permits a court to enter a protective order when the party seeking the order establishes "good cause" for the order and justice requires a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." The burden of persuasion is on the party seeking the protective order. *Rivera*, 364 F.3d at 1064. To meet this burden, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought. *See id.; see also Caesars Entm't, Inc.,* 237 F.R.D. 428, 432 (D.C. Nev. 2006). Conclusory statements about the impending harm or a showing that discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c).

ORDER * 3

*Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

**C.    Defendant's Motion to Compel**

    1.    Walt Moro's E-Mail

    Defendant asserts that Walt Moro's e-mail is discoverable because Plaintiff cannot demonstrate that the work product doctrine applies. (Ct. Rec. 77 at 2.)  Defendant alternatively asserts that, even if the e-mail is protected by work product, it has substantial need for the e-mail in order to properly prepare for trial.  Plaintiff responds that the e-mail is work product and that Defendant fails to demonstrate substantial need.  (Ct. Rec. 90 at 4.)

    When a discovery dispute turns on a work product protection claim, the first question, naturally, is whether the protection applies.  A party seeking to invoke the work product doctrine must demonstrate that the document or tangible thing was prepared (1) "in anticipation of litigation or for trial" and (2) "by or for another party or by or for that other party's representative."  *United States v. Torf*, 357 F.3d 900, 907 (9th Cir. 2003).  A document is prepared "in anticipation of litigation" if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained *because of* the prospect of litigation."  *Id.* (citation omitted) (emphasis added).  The "because of" standard requires consideration of "the totality of the circumstances."  *Id.* at 908; *see also Brantigan v. Depuy Spine, Inc.,* 2008 U.S. Dist. LEXIS 78052 at *8 (W.D. Wash. Sep. 12, 2008).

    The work product doctrine does not protect facts concerning the creation of work product, or facts contained within work product. *See,*

ORDER * 4

*e.g., In re Savitt/Adler Litig.*, 176 F.R.D. 44, 48 (N.D.N.Y. 1997) (finding that plaintiffs' "work product" objections to interrogatories, which requested facts supporting plaintiffs' contentions, were improper because work product protection does not extend to facts); *see also* 6-26 MOORE'S FEDERAL PRACTICE - Civil § 26.70.  The burden of establishing work product protection lies with the proponent. *Brantigan,* 2008 U.S. Dist. LEXIS 78052 at *8.

Here, the Court finds a written statement drafted by a non-lawyer under these circumstances does not qualify as work product. Nonetheless, assuming arguendo that the e-mail does constitute work product, the next question is whether  an exception to the work product doctrine exists.

There are two (2) types of work product: fact work product, i.e., "written or oral information transmitted to the attorney and recorded as conveyed by the client"; and opinion work product, i.e., "any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories." *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (9th Cir. 2002) (citations and quotation marks omitted).  The protection accorded fact work product can be pierced when the opposing party demonstrates substantial need for the information and cannot otherwise obtain its substantial equivalent without undue hardship. *See Torf*, 357 F.3d at 906 (quoting Rule 26(b)(3)) (internal alterations and quotations omitted).

The Court finds that 1) Mr. Moro's e-mail constitutes "fact work product," 2) Defendant has shown substantial need for Mr. Moro's e-mail, and 3) Defendant cannot obtain Mr. Moro's e-mail without undue hardship.

This e-mail is fact work product because it does not contain Mr. Montoya's "mental impressions, opinions, conclusions, judgments, or legal theories," *see In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d at 294; instead, it contains several facts relating to Plaintiff's alleged discriminatory treatment while working for Defendant. Moreover, Defendant has shown substantial need[1] for Mr. Moro's e-mail because it is plainly relevant and necessary for trial preparation. And finally, Defendant has shown undue hardship because it made several unsuccessful attempts to obtain the e-mail from Mr. Moro. (Ct. Rec. 78, Ex. J.)

Plaintiff insists Defendant can obtain the same information by deposing Mr. Moro. This position is unpersuasive. First, Defendant cannot depose Mr. Moro about an e-mail he cannot remember. Second, Plaintiff's argument ignores that the Federal Rules of Civil Procedure exist in part to "secure the just, speedy, and *inexpensive* determination of every action and proceeding." FED. R. CIV. P. 1 (emphasis added). Forcing Defendant to engage in unguided discovery and fish for answers about the e-mail seems inefficient and unnecessarily runs up litigation costs. *See Dobbs v. Lamonts Apparel,* 155 F.R.D. 650, 652 (D. Alaska 1994). Third, the Supreme Court's long-standing position is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman,* 329 U.S. at 507. Fourth,

---

[1]The Court is mindful that Defendant's "substantial need" is, to a degree, speculative. That is, because Defendant does not know the e-mail's contents, it can only speculate that the e-mail contains relevant information necessary for effective trial preparation.

ORDER * 6

Defendant is not attempting to "cut corners" by exclusively relying on Plaintiff's discovery leg work because it will likely depose Mr. Moro about the topics disclosed in his e-mail in preparation for trial. In sum, Mr. Moro's e-mail is discoverable.

2. <u>Privilege Log</u>

Defendant argues Plaintiff failed to file an adequate privilege log explaining Mr. Moro's e-mail. (Ct. Rec. 77 at 5.) Plaintiff insists she disclosed enough information for Defendant to assess the privilege assertion's merits. (Ct. Rec. 90 at 5.)

Rule 26(b)(5) requires a party withholding discovery to create a privilege log. Privilege logs need not adhere to a particular format. *See Burlington N. & Sante Fe Ry. v. United States Dist. Court,* 408 F.3d 1142, 1149 (9th Cir. 2005). Nevertheless, privilege logs must contain sufficient detail for the opposing party to adequately assess the privilege or protection's applicability. Such detail includes:

1) the document's general nature and description, including its date, the author's identity, and all the recipients' identities;

2) the document's present location; and

3) the specific reason it was withheld, including the privilege invoked and the grounds therefor.

*Allen v. Woodford,* 2007 U.S. Dist. LEXIS 11026, *4 (E.D. Cal., Jan. 30, 2007); *Thomas v. Hickman,* 2007 U.S. Dist. LEXIS 95796, *12 (E.D. Cal., Dec. 6, 2007); *In re Grand Jury Investigation,* 974 F.2d 1068, 1071 (9th Cir. 1992).

The Court finds that Mr. Montoya's "informal" privilege log is insufficient. As an initial matter, Mr. Montoya never explicitly

ORDER * 7

informed Defendant that his refusal to disclose the e-mail - and brief description why - constituted a privilege log.  This caused unnecessary confusion.  It is true that Mr. Montoya, in his written correspondence with defense counsel, identified the e-mail's date, the author's identity, and a cursory explanation why it was withheld from discovery.[2] This is not enough.  Mr. Montoya also needed to include who received the e-mail and a more detailed description of the e-mail's contents. Without such knowledge, Defendant is left in the dark on whether Plaintiff's work product assertion is meritorious.  The Court instructs the parties that all future privilege or immunity assertions must be accompanied with sufficient support.

**D.   Plaintiff's Motion to Compel; Defendant's Protective Order Request**

        1.   <u>General Objections</u>

    For the reasons articulated on the record, the Court declines to strike Defendant's general objections.

        2.   <u>RP Nos. 1-6, 11-19, 24, 26-27, 29-31, & 34-35</u>

    For the reasons articulated on the record, the Court declines to strike Defendant's objections to RP Nos. 1-6, 11-19, 24, 26-27, 29-31, and 34-35.  The Court treats Defendant's answers - and the documents produced in connection with its answers - as full and complete responses based on Mr. Bernstein's representation as an officer of the Court and as authorized representative for Defendant.

///

///

_____

    [2]Mr. Montoya offered the following one-sentence explanation: "It's work product."

ORDER * 8

1      3.   RP Nos. 7-10

2      _____ For the reasons articulated on the record, the Court strikes in

3   part Defendant's objections and grants in part Defendant's protective

4   order request with respect to RP Nos. 7-10. As drafted, Plaintiff's RPs

5   are far too broad.  Accordingly, Defendant shall produce the following

6   documents within its custody and control from May 2006 thru December

7   2006: 1) all documents showing Ms. Borth's *work schedule*; 2) all

8   *business* call records for Ms. Borth; 3) all *business* call records for

9   Ms. Bloomfield; and 4) all e-mails exchanged between Mses. Bloomfield

10  and Borth.

11     4.   RP Nos. 20-22

12     _____ For the reasons articulated on the record, the Court declines to

13  strike Defendant's objections and grants Defendant's protective order

14  request with respect to RP Nos. 20-22.  As to RP Nos. 20-21, romantic

15  relationships between non-parties is irrelevant to the present

16  litigation and invasive of privacy interests.  As to RP No. 22,

17  Ms. Borth's expense receipts are unnecessary because 1) Defendant

18  acknowledges that Ms. Borth met with the Yakima staff over dinner and 2)

19  expense receipts will not reveal the dinner discussion's contents -

20  depositions will.

21     5.   RP No. 23

22     _____ For the reasons articulated on the record, the Court strikes in

23  part Defendant's objections with respect to RP No. 23.  This request is

24  proper because it could conceivably support a claim that Ms. Borth did

25  not adequately respond to Plaintiff's legitimate discrimination

26  complaints.  Accordingly, Defendant shall produce all expense documents

1  and records within Defendant's custody and control from May 2006 thru
2  December 2006.

3       6.   RP No. 25

4       For the reasons articulated on the record, the Court declines to
5  strike Defendant's objections and grants Defendant's protective order
6  request with respect to RP No. 25.  James Benedict is relevant in this
7  case because he works for Defendant and allegedly apologized to
8  Plaintiff for discriminatory comments made by her co-workers.  This
9  conversation, however, occurred on the telephone.  Thus, expense
10 receipts regarding Mr. Benedict's travel are not relevant.

11      7.   RP No. 28

12      For the reasons articulated on the record, the Court strikes
13 Defendant's objections to RP No. 28.  The requested information is
14 conceivably relevant and Defendant's proprietary information disclosure
15 concerns are assuaged by the existing Protective Order.  (Ct. Rec. 13.)

16      8.   RP Nos. 32-33

17      For the reasons articulated on the record, the Court declines to
18 strike Defendant's objections and grants Defendant's protective order
19 request with respect to RP Nos. 32-33.  Defendant represents it
20 previously produced a corporate "chain of command."  Accordingly,
21 producing all corporate minutes for a two-year period demonstrating the
22 same is irrelevant and unduly burdensome.  Additionally, Aon is not a
23 party so there is no reason by Plaintiff needs to understand its chain
24 of command.

25 ///

26 ///

ORDER * 10

9.    <u>Rule 30(b)(6) Depositions</u>

<u>          </u>i.    Topics 1-2, 8-10, 19-21

For the reasons articulated on the record, the parties are instructed to confer regarding what parts of Ms. Borth's deposition will be adopted by Defendant as binding under Rule 30(b)(6).  Plaintiff is permitted a one (1) hour follow-up Rule 30(b)(6) deposition to cover this topic and others articulated in this Order.

<u>          </u>ii.   Topics 6-7

For the reasons articulated on the record, these deposition topics are barred because they are irrelevant and invasive of privacy interests.

iii. Topics 11-18

For the reasons articulated on the record, Plaintiff is permitted a one (1) hour follow-up Rule 30(b)(6) deposition to cover all topics Jeffrey Lintner was not able to answer.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED**:

A. Defendant's Motion to Compel Discovery **(Ct. Rec. 76)** is **GRANTED** (Moro e-mail discoverable) **AND DENIED** (fees) **IN PART.**

B. Plaintiff's Amended Motion (1) To Strike Objections to Discovery; (2) To Compel Answers to Interrogatories and Responses to Requests Production of Documents; (3) To Compel Designation of Witnesses for Deposition Pursuant to Rule 30(b)(6); and (4) For Attorneys' Fees and Sanctions **(Ct. Rec. 73)** and Defendant's Cross Motion for Protective Order and Attorneys' Fees **(Ct. Rec. 101)** are **GRANTED AND DENIED IN PART** as follows:

1)   Plaintiff's request to strike Defendant's general
     objections is **DENIED;**

2)   Plaintiff's request to strike Defendant's objections to
     RP Nos. 1-6, 11-19, 24, 26-27, 29-31, and 34-35 are
     **DENIED;**

3)   Plaintiff's request to strike Defendant's objections to
     RP Nos. 7-10 are **GRANTED IN PART;** Defendant's protective
     order request with respect to RP Nos. 7-10 are **GRANTED IN
     PART.** Defendant shall produce the required material **no
     later than January 23, 2009;**

4)   Plaintiff's request to strike Defendant's objections to
     RP Nos. 20-22, 25, & 32-33 are **DENIED;** Defendant's
     protective order request with respect RP Nos. 20-22, 25,
     & 32-33 are **GRANTED;**

5)   Plaintiff's request to strike Defendant's objections to
     RP No. 23 is **GRANTED IN PART;** Defendant's protective
     order request with respect to RP No. 23 is **GRANTED IN
     PART.** Defendant shall produce the required material **no
     later than January 23, 2009;**

6)   Plaintiff's request to strike Defendant's objections to
     RP No. 28 is **GRANTED;** Defendant's protective order
     request with respect to RP No. 28 is **DENIED;**

7)   The parties are instructed to confer regarding what parts
     of Ms. Borth's individual deposition will be adopted by
     Defendant as binding under Rule 30(b)(6). Plaintiff is
     permitted a one (1) hour follow-up Rule 30(b)(6)
     deposition. Plaintiff is also permitted a one (1) hour

ORDER * 12

follow-up Rule 30(b)(6) deposition to cover all topics
Mr. Lintner was not able to answer.

8)    The parties' attorney fee requests are **DENIED** because the
parties share equal responsibility in this discovery
dispute.

C. Plaintiff's Motion for Partial Summary Judgment **(Ct. Rec. 92)** is **DENIED with leave to renew.**  Plaintiff's motion is premature because discovery is incomplete.  Plaintiff is free to file the same dispositive motion, or a more comprehensive dispositive motion, **after February 9, 2009.**

D. The new discovery cutoff date is **February 2, 2009.**

E. The Notice of To-Be-Adjudicated Claims and Affirmative Defenses shall be filed and served no later than **February 9, 2009.**

F. All dispositive and *Daubert* motions shall be filed and served **no later than February 13, 2009.**

G. All other deadlines in the Court's Amended Scheduling Order (Ct. Rec. 57) remain.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this __23rd__ day of December 2008.

_____

_____s/ Edward F. Shea_____
EDWARD F. SHEA
United States District Judge

Q:\Civil\2007\3044.Oral.Rulings.Short.wpd

ORDER * 13