UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EVA A. RAMIREZ,

Plaintiff,

v.

OLYMPIC HEALTH MANAGEMENT SYSTEMS, INC., a Washington Corporation,

Defendant.

NO. CV-07-3044-EFS

**ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

A hearing occurred in the above-captioned matter on April 15, 2009, in Yakima. Plaintiff Eva A. Ramirez was represented by Kevan T. Montoya and Tyler M. Hinckley; Robert H. Bernstein appeared on behalf of Defendant Olympic Health Management Systems, Inc. Before the Court were Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 141), as well as Defendant's Motion for Summary Judgment (Ct. Rec. 133) and *Daubert* Motion (Ct. Rec. 138).[1] After reviewing the submitted material, relevant authority, and hearing oral argument, the Court was fully informed and granted and denied in part Plaintiff's motion. This Order serves to memorialize and supplement the Court's oral rulings.

[1]Defendant's motions are addressed in a separate Order.

**I. Discussion**

**A. Summary Judgment Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts. In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted) (emphasis in original opinion).

When considering a motion for summary judgment, a court should not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This does not mean that a court will accept as true assertions made by the non-moving party that are flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties

tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Additionally, when parties file cross-motions for summary judgment, "the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether summary judgment may be entered in accordance with the Rule 56 standard." *Fair Housing Council of Riverside Country v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion. *Id.*

**B. *Faragher/Ellerth* Affirmative Defenses**[2]

Plaintiff seeks to dismiss Affirmative Defenses ("AD") 4, 6b, 8-10, and 16-17 because the *Faragher/Ellerth* defense[3] is not available when 1) a plaintiff suffers a tangible employment action from a supervisor or 2) the employer fails to exercise reasonable care to prevent and promptly correct harassing behavior. (Ct. Rec. 93 13-18.) Defendant contends that the *Faragher/Ellerth* defense is available - and properly precludes liability for any discriminatory conduct - because Ms. Bloomfield was not Plaintiff's supervisor and, even if she was, Plaintiff failed to experience any tangible employment action or report

---

[2] Both parties moved for summary judgment on this issue. Defendant moved for summary judgment in Ct. Rec. 133.

[3] *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

alleged harassment in accordance with company policies. (Ct. Rec. 153 at 6-11.)

Generally, employers are not liable under Title VII for a hostile work environment created by employees. 3-73 LABOR AND EMPLOYMENT LAW § 73.07 [1] (2008). But like any rule, exceptions do exist. Two (2) warrant discussion. First, an employer is liable via vicarious liability, without exception, when a supervisor takes a tangible employment action against an employee and that action has a material, adverse impact on the terms, conditions, or privileges of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 780 (1998). Second, an employer is vicariously liable for supervisory action that does not rise to the level of a tangible employment action if it fails to prove either prong of the *Faragher/Ellerth* defense. *Id.* at 775.

A supervisor is defined as an individual who 1) possesses substantial authority and discretion to make decisions concerning the terms and condition of employment or 2) lacks official authority to make decisions concerning the terms of employment but who nonetheless has an official or strong de facto duty to act as a conduit to management for working condition complaints. *Swinton v. Potomic Corp.*, 270 F.3d 794, 804-805 (9th Cir. 2001). A tangible employment action is defined as an action that substantially decreases an employee's earning potential and causes significant disruption in his or her working conditions. *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 153 (3d Cir. 1999). Tangible employment actions often, but need not necessarily, inflict direct economic harm on the employee. *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000).

If a tangible employment action occurs in accordance with the first exception, the employer may not escape liability. *Faragher*, 524 U.S. at 775. But if no tangible action is present, an employer is bestowed with the ability to relieve itself of vicarious liability when it 1) exercised reasonable care to prevent and correct promptly any harassing behavior, and 2) can demonstrate that the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided or to avoid harm otherwise. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). This is known as the *Faragher/Ellerth* defense.

In order to satisfy the *Faragher/Ellerth* defense's first prong, an employer must establish the existence of both preventive and remedial measures, i.e., anti-harassment policies and procedures. *Hardage v. CBS Broadcasting Inc.*, 427 F.3d 1117, 1185 (9th Cir. 2005). An employer cannot satisfy the first prong if it fails to 1) establish adequate anti-harassment procedures, 2) disseminate or implement promulgated anti-harassment policies, or 3) properly respond to reported harassment. *See, e.g., Loughman v. Malnati Org.*, 395 F.3d 404 (7th Cir. 2005); *Antonopoulos v. Zitnay*, 360 F. Supp. 2d 420 (D. Conn. 2005); *Swinton*, 270 F.3d at 810-11; *and Faragher,* 524 U.S. at 808.

The second prong requires the employer to prove that the employee failed to utilize preventive or corrective measures to remedy the harassing conduct. While proof that an employee failed to report supervisor harassment or pursue available company procedures will normally satisfy the employer's burden, an employer cannot avail itself of the *Faragher/Ellerth* defense if it had actual knowledge of the harassment and failed to respond appropriately. *See, e.g., Brown v.*

*Perry*, 184 F.3d 388, 397 (4th Cir. 1999) (noting that knowledge cannot be imputed to an employer if an employee fails to use reasonable methods to avoid harm); *Scrivner v. Socorro Ind. Sch. Dist.*, 169 F.3d 969, 971 (5th Cir. 1999) (finding that an employer is unaware if an employee lied about being subject to harassing conduct); and *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1303 (11th Cir. 2007) (noting an employer could not have known of the harassing conduct unless the employee reported it);.

1. Supervisor Liability

For the reasons articulated on the record, the Court finds that, as a matter of law, Ms. Bloomfield was Plaintiff's supervisor. As discussed, a supervisor is an employee who 1) has the ability to hire, fire, or make other substantial employment decisions or 2) possesses strong de facto duty to act as a conduit to management. True, Ms. Bloomfield did not have the authority to hire or fire Plaintiff - Katrina Borth did. But there is ample evidence that Ms. Bloomfield was a conduit to management. For example, it is undisputed that Ms. Bloomfield had authority to ensure compliance with Defendant's sales quotas and anti-discrimination policies. (Ct. Rec. 136-5 at 13.) Also, Plaintiff was allegedly instructed that Mses. Hill or Bloomfield could discipline her for office misconduct. (Ct. Rec. 149 at 7.) Finally, the Yakima branch had no official management structure. Ms. Borth was not stationed solely in the Yakima office; she managed the Kennewick and Wenatchee branches as well. As such, the office was left with largely de facto supervision. Accordingly, Defendant may be liabile for Ms. Bloomfield's supervisory conduct.

2. Tangible Employment Action

For the reasons articulated on the record, the Court finds that Plaintiff cannot, as a matter of law, demonstrate that a tangible employment action occurred because it is disputed as to whether Ms. Bloomfield 1) prohibited Plaintiff from attending sales presentations at the Harmon Center or 2) directed Ms. Mary Thomas to give Plaintiff only Hispanic leads, thereby curtailing Plaintiff's revenue because Hispanic leads were considered less valuable. As such, this is a jury question.

3. *Faragher/Ellerth* Defense

In the same vein, Defendant cannot, as a matter of law, demonstrate that the *Faragher/Ellerth* Defense precludes liability for any non-tangible employment action because it is contested whether 1) Defendant exercised reasonable care in preventing and correcting harassing conduct and 2) Plaintiff unreasonably failed to utilize corrective opportunities. For example, Plaintiff alleges that she reported Ms. Bloomfield's conduct to Ms. Hill on numerous occasions and no action was taken. Ms. Hill denies this. Because these factual issues remain, summary judgment is improper.

Accordingly, Plaintiff's partial summary judgment request is denied as to ADs 4, 6b, 8-10, and 16-17.

**C. ADs Based on Denials**

Plaintiff moves to dismiss ADs 2, 5, 6a, 15 and 18 because they are not true affirmative defenses; rather, they are liability denials. (Ct. Rec. 93 at 9-12.) Defendant acknowledges that ADs 2, 5, 15, and 18 are non-affirmative defenses, but nevertheless insists that dismissal is not required. (Ct. Rec. 153 at 14-16.)

An affirmative defense is an assertion raising new facts and arguments that, if true, would defeat the plaintiff's claim, even if the allegations in the complaint are true. *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2nd Cir. 2003). As such, an affirmative defense may only be established when a "defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986) (emphasis in the original). A defense is only affirmative in nature if it would bar a right to recovery "even if the general complaint were more or less admitted to." *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995). Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2001).

For the reasons articulated on the record, Plaintiff's partial summary judgment request is granted as to ADs 2, 5, 6a, 12,[4] 15, and 18 because these are not affirmative defenses, but simply liability denials. Defendants is free to deny liability at trial.

**D. AD 7 - First Amendment**

Plaintiff seeks to dismiss AD 7 because Title VII prevents employers from relying on First Amendment protections to shield themselves from discriminatory conduct. (Ct. Rec. 93 at 5-6.) Defendant claims that Title VII is meant only to prevent private employer

[4]The Court also dismisses AD 12 because Defendant conceded at the hearing that this AD is merely a liability denial.

discrimination, not restrict the speech of its employees. (Ct. Rec. 153 at 16-18.)

Title VII prohibits discrimination in the private employment context and is liberally construed in order to effectuate Congress' broad remedial purpose "to eliminate the inconvenience, unfairness, and humiliation of ethnic discrimination." *Rogers v. EEOC*, 454 F.2d 234, 238 (5th Cir. 1971); *Norwood v. Harrison*, 413 U.S. 455, 470 (1973); *Hishon v. King & Spalding*, 467 U.S. 69, 78 (1984). District courts, however, must consider Title VII's purpose, which is to eradicate employer discrimination, not eliminate all individual discrimination. *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978). Put another way, Title VII is not a "general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75 (1998). The Ninth Circuit has held that a single unauthorized act, or even a continuing course of harassment, cannot be imputed to the employer unless the employer is aware of the harassment and fails to take remedial action. *Silver*, 586 F.2d at 141. As such, if the employer is unaware of harassing conduct or takes proper remedial action to address the situation, the undesirable conduct is deemed to be that solely of the individual harasser and, therefore, protected under the First Amendment. *Id.*

For the reasons articulated on the record, Plaintiff's summary judgment request is denied as to AD 7 - this is a jury question.

**E. Offset/Mixed Motive ADs**

For the reasons articulated on the record, Plaintiff's summary judgment request is granted as to AD 3 and denied as to AD 11.

**F. Withdrawn ADs**

Plaintiff's summary judgment request is denied as moot as to ADs 13 and 14 because Defendant withdrew these defenses. AD 19 is also moot because Plaintiff will not be asserting a disparate impact claim.

**II. Conclusion**

Accordingly, **IT IS HEREBY ORDERED:** Plaintiff's Motion for Partial Summary Judgment **(Ct. Rec. 141)** is **GRANTED** (ADs 2, 3, 5, 6a, 12, 15, and 18 are dismissed), **DENIED** (ADs 4, 6b, 7-11, and 16-17 remain) and **DENIED AS MOOT** (ADs 13-14 were withdrawn and 19 is moot).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 21st day of April 2009.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2007\3044.P.MSJ.wpd