UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EVA A. RAMIREZ,

               Plaintiff,

        v.

OLYMPIC HEALTH MANAGEMENT
SYSTEMS, INC., a Washington
Corporation,

               Defendant.

NO. CV-07-3044-EFS

**ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
RECONSIDERATION**

    In April 2009, the Court dismissed Plaintiff Eva A. Ramirez'
constructive discharge claim against Defendant Olympic Health Management
Systems, Inc., but permitted her discrimination, retaliation, hostile
work environment, and punitive damages claims to survive to trial.
(Ct. Rec. 282.)   Defendant now asks the Court to reconsider its ruling
on Plaintiff's retaliation and punitive damage claims in order to
prevent manifest injustice.   (Ct. Rec. 287.)   Although reconsideration
is highly unusual, it is appropriate if the district court is presented
with 1) newly-discovered evidence, 2) an intervening change in
controlling law, or 3) evidence that its decision was manifestly unjust.
*Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003); *389 Orange
St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).   After

ORDER * 1

review, the Court agrees in part - preventing manifest injustice necessitates dismissing Plaintiff's retaliation claim; her punitive damages claim, meanwhile, remains an issue for trial.

## I. Discussion

**A.  Retaliation Claim**

The Court initially concluded that Plaintiff's retaliation claim was a jury question because Defendant's decision to hold an inter-office conference call about her discrimination complaint, while well-intentioned, violated Defendant's privacy policy and could deter reasonable workers from disclosing sensitive harassment complaints. (Ct. Rec. 282 at 26.)

There are three (3) reasons that warrant the Court to reconsider this decision.  First, Defendant's complaint-investigation policy does not guarantee privacy; rather, it states that confidentially will be maintained "to the extent possible."  (Ct. Rec. 136-8 at 63.)  Second, Plaintiff's retaliation claim, which rests on the impropriety of being asked to publicly disclose discrimination concerns, is belied by Plaintiff's own conduct because she made her concerns known to the entire office before the inter-office conference call.[1]  Third, the Court previously concluded that Defendant's inter-office conference call was well-intentioned and even made Plaintiff feel "good."  (Ct. Rec. 282 at 25-26.)  In such scenarios, Ninth Circuit case law is clear: "An employer's legitimate effort to deal with a traumatic workplace

---

[1]When asked who she spoke with about the Mexican wall comment, Plaintiff responded: "When we got back to the office, everybody." (Ct. Rec. 136-2 at 99.)

ORDER * 2

situation and educate its employees regarding [] harassment cannot be the basis for a retaliation claim under Title VII." *Brooks v. City of San Mateo*, 229 F.3d 917, 929 (9th Cir. 2000).  Given Defendant's well-intentioned – and well-received – efforts, Plaintiff's retaliation claim cannot survive.

**B.    Punitive Damages Claim**

Defendant argues that a similar fate awaits Plaintiff's punitive damages claim because 1) there is no evidence that it acted with either evil motive or reckless indifference to Plaintiff, and 2) it cannot be vicariously liable for the discriminatory employment decisions of its managers when those decisions "are contrary to the employer's 'good-faith efforts to comply with Title VII.'"  (Ct. Rec. 288 at 4) (citing *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545 (1999)).

Defendant is mistaken.  There is evidence that Defendant acted with either evil motive or reckless indifference to Plaintiff.[2]  Examples include Barbara Bloomfield's repeatedly discriminatory conduct and statements towards Plaintiff, as well as Katrina Borth and Betty Hill's failure to initially report or address Plaintiff's complaints about Ms. Bloomfield in a zero tolerance environment.  And even though Defendant has a well-established anti-harassment policy, vicarious liability may nevertheless exist because the three (3) supervisors responsible for enforcing Defendant's anti-harassment policies at the Yakima office – Ms. Hill, Ms. Borth, and Ms. Bloomfield – either delayed or did not at all report the workplace misconduct Plaintiff complained

---

[2]Of course, this is after viewing the evidence in Plaintiff's favor. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

ORDER * 3

1  of.  The Court therefore properly concluded that punitive damages is a

2  jury question.  Because there is no manifest injustice, reconsideration

3  on this issue is inappropriate.

**II. Conclusion**

4

5      Accordingly, **IT IS HEREBY ORDERED:**

6      1. Defendant's Motion for Reconsideration **(Ct. Rec. 287)** is **GRANTED**

7  (retaliation claim is dismissed) and **DENIED** (punitive damages claim

8  survives) **IN PART**.

9      2. An Amended Summary Judgment Order will follow.

10     **IT IS SO ORDERED**.  The District Court Executive is directed to

11  enter this Order and to provide copies to counsel.

12     **DATED** this ___ day of May 2009.

13

14

15                         EDWARD F. SHEA
                     United States District Judge

16  Q:\Civil\2007\3044.Reconsider.wpd

17

18

19

20

21

22

23

24

25

26

ORDER * 4